(83 App. Div. 146.)

### LONG ISLAND BOTTLERS' UNION v. S. LIEBMANN'S SONS BREWING CO.

(Supreme Court, Appellate Division, Second Department.　May 28, 1903.)

1. CORPORATIONS—MEMBERSHIP—RESIGNATION—WAIVER.

A by-law of a corporation formed to collect lost bottles and boxes belonging to members of the association provided that any member might resign by filing with the secretary, one month before such resignation should take effect, a written notice of his intent to resign, which notice, at the expiration of such period, should operate as a waiver of all his rights as a member of the corporation, provided he had paid all dues and other liabilities up to the time of handing in his resignation. Another by-law required that all bills for bottles and boxes should become due between the 1st and 10th of every month following deliveries, and that any member failing to settle his accounts within 30 days from maturity should not receive any goods from the corporation, except for cash, until the entire arrears were paid in full. *Held*, that where a member resigned on May 10, 1900, the fact that he continued to receive and pay for bottles delivered until the succeeding June 9th did not operate as a waiver of his resignation.

2. SAME—NOTICE OF RESIGNATION.

Under a by-law of a corporation authorizing a member to resign on one month's notice of his intention so to do, and providing that on the expiration of such period the receipt of the notice by the secretary of the corporation should operate as a waiver of all the member's rights and

82 N.Y.S.—36

privileges, provided he had paid all liabilities up to the time of handing in his resignation, the filing of a notice of resignation by a member, on the expiration of the 30 days, terminated his membership, and relieved him from subsequent obligations attaching to membership.

3. SAME.

Where defendant was a stockholder and member of a corporation engaged in reclaiming lost bottles, and the corporation contracted with another to collect at its expense all bottles containing registered trademarks, whether belonging to members of the association or otherwise, and defendant subsequently resigned its membership in accordance with a by-law of the corporation, it was not thereafter liable as a member for an arbitrary amount charged for its bottles subsequently collected under such contract.

Appeal from Trial Term, Kings County.

Action by the Long Island Bottlers' Union against the S. Liebmann's Sons Brewing Company. From a judgment dismissing the complaint on the merits on a directed verdict, and from an order denying plaintiff's motion for a new trial on the minutes, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, HIRSCHBERG, and HOOKER, JJ.

Charles M. Stafford, for appellant.

Walter H. Liebmann, for respondent.

HIRSCHBERG, J. The case was disposed of at the trial term on the assent of the parties that it presented only a question of law. The plaintiff is a domestic corporation, engaged in the business of collecting lost or abandoned bottles and boxes, and assorting and returning them to their owners, who are members of the association, and who are apparently required by some rule or regulation, not disclosed, to pay certain stipulated charges for the service. The defendant is a stockholder in the corporation, and was a member until the taking effect of a resignation which was delivered to the plaintiff's secretary on May 10, 1900. The defendant paid the plaintiff for all bottles collected and delivered prior to the commencement of the action, excepting for 30,000 bottles and 100 boxes which the plaintiff collected some time between June 10, 1900, and October 26th of that year. The defendant refused to receive and pay for this collection, and the action is brought to recover for the service at the rate of 1 cent for each bottle and 5 cents for each box. The determination of the controversy between the parties depends chiefly upon the construction to be given to the terms of the by-laws in relation to the resignation of members.

Section 8 of article 8 provides as follows:

"Any member may resign his membership in this union by filing with the secretary, one month before such resignation shall take effect, a written notice of his intention to resign, which notice shall, at the expiration of said period of one month after the receipt of same by the secretary of the union, operate in itself as a waiver of all his rights and privileges as a member of the union, provided he has paid all dues, fines, assessments and other liabilities up to the time of handing in his resignation."

The resignation which the defendant delivered to the plaintiff's secretary on May 10, 1900, was in the form of a notice of with-

drawal and resignation as a member of the association, was dated May 1, 1900, and was conditioned "to take effect immediately." It is only claimed on behalf of the defendant, however, that it became effective on June 10, 1900, and I think the claim is well founded, the defendant having then substantially paid all dues, fines, assessments, and other liabilities up to the time the resignation was handed in. By section 1 of article 9 of the by-laws it is provided as follows:

"All bills due to the union for bottles, boxes, etc., delivered, shall become due and payable between the 1st and 10th day of every month following such deliveries. Any member failing to settle his accounts within 30 days from the date they become due and payable, shall become in arrears and shall not receive any goods from the exchange except for cash, until the entire amount in arrears is paid in full."

There is evidence sufficient to justify a finding that all the April deliveries, in fact, all that was due on May 1, 1900, were paid on the 16th of that month, and although the plaintiff continued to collect and the defendant to receive bottles until June 9, 1900, the day before the resignation took effect, and although they were paid for on the theory that the defendant could not be considered in arrears until 30 days after the liability therefor matured, neither party apparently regarded the circumstance as a waiver of the resignation, nor can it be said in law that a continuance of the dealings under the terms of the by-laws as to the time of payment during the period intervening between the handing in of the resignation and its taking effect necessarily constitutes such a waiver.

The plaintiff contends that the by-laws contemplate the service of an additional paper at the end of the 30 days as an actual resignation, supplementing the written notice of an intention to resign, and also contends that, while the notice filed operates in itself as a waiver of all the members' rights and privileges, it cannot operate to terminate future liabilities. Neither contention seems sound. While the language employed is not as plain as might be, it is obvious that the scheme of the by-law in question is to regard the notice of intention to resign as equivalent to a resignation, which, upon timely payment of all the specified dues, liabilities, fines, and assessments, shall in itelf take effect as such, and which shall thereafter operate not only as a waiver of the rights and privileges, but also as a release from the general obligations, attaching to membership.

One further claim of the plaintiff demands consideration. An agreement was made on April 12, 1893, between the plaintiff and the firm of Labretta Bros., by which the former employed the latter for one year to collect from public dumps and scows at the plaintiff's expense all bottles bearing the name or mark of any member of the union. This agreement was renewed from time to time, and on June 1, 1899, was extended until June 1, 1901, and thereafter, but before the defendant's resignation, was modified so as to include all bottles containing registered trade-marks, whether belonging to members of the association or otherwise. The plaintiff contends that the terms of this contract create a liability on the part of the defendant for all bottles collected until June 1, 1901, which is embraced within the provisions of section 8 of article 8 of the by-laws, and cannot

be avoided by resignation. I cannot agree with this contention, which would involve a very forced construction of the section. The defendant is still a stockholder, but the liability sought to be enforced in this action is that of a member engaged in the bottling business. It is not created by the by-laws, and, if it exist at all, it must be by force of some rule or regulation lawfully adopted. The obligation to pay the prices for which the plaintiff sues is alleged in the complaint, but denied in the answer, and no proof of it was made upon the trial. It cannot therefore be held upon the proof that the defendant is compellable to pay, either as a stockholder or as a member, the prices sued for by reason of the mere fact that the plaintiff has incurred some expense under its agreement with Labretta Bros. That the defendant agreed to pay the prices sued for while a member may perhaps be assumed from the course of dealing, but that assumption cannot be extended to a liability which has never been admitted. Whether any pecuniary obligation exists on the defendant's part as a stockholder need not be determined. Assuming that its membership was terminated on June 10, 1900, the plaintiff was still obliged to collect its bottles under the Labretta contract until June 1, 1901, in common with all other bottles of nonmembers found upon the dumps or scows, and cannot recover any arbitrary sum therefor, either under the provisions of section 8 of article 8 of the by-laws or under any other rule or regulation which has been disclosed.

It follows that the judgment and order should be affirmed.

Judgment and order affirmed, with costs. All concur.